United States Bankruptcy Court
Southern District of Texas
ENTERED
September 29, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 25-80609** |
| | § | |
| **JESSICA L. MAHANAY,** | § | **CHAPTER 13** |
| | § | |
| Debtor | § | |

**MEMORANDUM OPINION GRANTING IN PART MELISSA LEAL'S MOTION TO SHOW CAUSE AND SUPPLEMENTAL MOTION TO SHOW CAUSE AGAINST DEBTOR AND CO-DEBTOR (RELATES TO ECF NOS. 66 & 81)**

This matter comes before the Court on Melissa Leal's Motion to Show Cause[1] and Melissa Leal's Supplemental Motion to Show Cause Against Debtor and Co-Debtor[2] (collectively, the "Show Cause Motions"). The issue presented is whether the non-debtor spouse is jointly and severally liable for the violation of the Agreed Order as a co-debtor, and whether the Debtor violated the terms of the Agreed Order. For the reasons stated below, the Show Cause Motions are granted in part.

## BACKGROUND

In 2021, Jessica Mahanay (the "Debtor") purchased the real property and improvements located at 735 Arbor St., Clute, Texas 77531 (the "Property") from Melissa Leal ("Ms. Leal"). The purchase was executed through a deed of trust and financed by Ms. Leal, in her capacity as the Property owner.[3] Keith Mahanay ("Mr. Mahanay"), the

---

[1] ECF No. 66.
[2] ECF No. 81.
[3] ECF No. 1 at 36.

non-Debtor spouse, was not part of the Property mortgage loan arrangement.[4]

On December 1, 2025, the Debtor filed her individual petition for bankruptcy under Chapter 13 of the Bankruptcy Code.[5] The Debtor went without making any mortgage payments to Ms. Leal on the Property for nearly two years, and as a result, Ms. Leal sought for relief from the automatic stay on December 19, 2025.[6] After a period of negotiation, the Debtor and Mr. Mahanay agreed to terminate the automatic stay in connection with the Property and execute a deed-in-lieu of foreclosure to transfer the ownership back to Ms. Leal.

On March 16, 2026, the Court entered an Agreed Order for the termination of the automatic stay under 11 U.S.C. § 362 and any co-debtor stay under 11 U.S.C. § 1301 (the "Agreed Order").[7] The Agreed Order listed *inter alia*:

> The Debtor Jessica Mahanay and her husband, Keith Mahanay, their children, and any and all occupants shall vacate the Property on or before March 31, 2026 and ***leave the Property in broom-swept condition*** and ***shall not remove and or take any appliances or fixtures in the Property***; Jessica Mahanay and Keith Mahanay shall execute and notarize any and all documentation reasonably necessary to transfer the Property to Melissa Leal including but not limited to a deed in lieu of foreclose on or before March 31, 2026.[8]

The Debtor signed the notarized documents necessary to transfer the Property back to Ms. Leal and vacated the Property before March 31, 2026. On April 16, 2026, Ms. Leal filed a *Motion to Show Cause*[9] and additionally a *Supplemental Motion to Show Cause Against Debtor and*

[4] ECF No. 92 at 1.
[5] ECF No. 1.
[6] ECF No. 22.
[7] ECF No. 64.
[8] ECF No. 84-1 ¶ 2, 3 (emphasis added).
[9] ECF No. 66.

*Co-Debtor*[10] on May 29, 2026. The hearings for the Show Cause Motions were held on June 18, 2026, July 8, 2026, and August 11, 2026 (collectively, the "Show Cause Hearings"). Ms. Leal asserted that the Debtor left trash and debris throughout the entire Property and removed all fixtures—cabinet doors, ceiling fans, and refrigerator—in violation of the Agreed Order.[11] Meanwhile, the Debtor contended that the cabinet doors and ceiling fans were removed for renovation purposes that started before the Agreed Order was entered into, and the refrigerator was taken out of the Property because she purchased the refrigerator when she first moved in.[12]

## JURISDICTION

28 U.S.C. § 1334(a) provides the District Courts with jurisdiction over this proceeding. 28 U.S.C. § 157(b)(1) states that "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." This Court has jurisdiction over a civil contempt proceeding that enforces the Court's orders. 28 U.S.C. § 157(b)(2)(A); *In re Porter Dev. Partners, LLC*, No. 15-31305, 2026 WL 2719258, at *3 (Bankr. S.D. Tex. Sept. 14, 2026). The Court has constitutional authority to issue civil contempt orders necessary to enforce compliance with the Court's order under 11 U.S.C. § 105(a). *In re Porter Dev. Partners,* 2026 WL 2719258, at *1. And venue is proper under 28 U.S.C. §§ 1408 and 1409.

## LEGAL STANDARD

"A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order."

[10] ECF No. 81.
[11] ECF No. 66 at 1; ECF No. 81 at 1–2.
[12] ECF No. 82 at 1.

*Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992) (quoting *Petroleos Mexicanos v. Crawford Enters., Inc.,* 826 F.2d 392, 401 (5th Cir.1987)). The Court must only consider whether the order was in fact violated, and therefore, the respondent's intent or good faith is irrelevant. *In re Porter Dev.*, 2026 WL 2719258, at *4 (citing *NLRB v. Sw. Bell Tel. Co.*, 730 F.2d 166, 173–74 (5th Cir. 1984)). Fines in a civil contempt proceeding may be levied to either compensate the movant for the actual damage shown, or to compel the respondent to comply with the court's order without being punitive. *In re Dinnan*, 625 F.2d 1146, 1149 (5th Cir. 1980).

## DISCUSSION

After careful consideration on the evidence introduced at the Show Cause Hearings, including the documentary evidence and the testimony presented, the Court finds the following:

### I. The Non-Debtor Spouse, Keith Mahanay, is Not a Co-Debtor and Not Jointly and Severally Liable for the Violation of the Agreed Order.

The parties dispute as to whether Mr. Mahanay is considered a co-debtor under the Agreed Order, and therefore is jointly and severally liable for the violation of the Agreed Order.

The Agreed Order terminated any co-debtor stay under 11 U.S.C. § 1301[13], however, Mr. Mahanay does not fall under the definition of a co-debtor for purposes of the stay. Under the co-debtor stay described in § 1301, "a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor *from any individual that is liable on such debt with the debtor*." 11 U.S.C. § 1301(a) (emphasis added).

Mr. Mahanay is not liable on such debt with the Debtor because he is not a party to the Property's mortgage loan.[14] Mr. Mahanay,

[13] ECF No. 84-1 at 1 ("The automatic stay under 11 U.S.C. § 362 and any co-debtor stay under 11 U.S.C. § 1301 is TERMINATED as to the [Property] . . . .")

[14] ECF No. 92 at 1.

therefore, should not be considered a co-debtor for purposes the Agreed Order. His obligation was to sign the deed in lieu of foreclosure and vacate the Property. Accordingly, Mr. Mahanay is not jointly and severally liable for the violation of the Agreed Order.

## II. The Debtor Violated the Agreed Order for the Failure to Leave the Property in Broom-Swept Condition and for Removing the Refrigerator from the Property.

Whether Ms. Leal will prevail in the Show Cause Motions turns on whether all three elements laid out in *Martin* are met.[15] The Court will not discuss the sufficiency of the first and second element as an Agreed Order was entered into and the Agreed Order required certain conduct by the Debtor.[16] The Court will instead examine whether the Debtor failed to comply with the Agreed Order.

### *A. "The Debtor Shall Leave the Property in Broom-Swept Condition."*

The Agreed Order requires the Debtor to leave the Property in "broom-swept condition." As reasonably understood in the real estate industry, broom-swept conditions describe the standard of cleanliness that a property should meet when handed over.[17] The general understanding is that the floors must be swept and the visible surfaces must be free of dust and debris.

---

[15] A movant in a civil contempt proceeding must establish: (1) the court order was in effect, (2) the order required certain conduct by the respondent, and (3) the respondent failed to comply with the court's order. *Martin*, 959 F.2d at 47.

[16] ECF No. 84-1 ¶ 2, 3 (The Agreed Order requires the Debtor to, *inter alia*, vacate before March 31, 2026, leave the Property in broom-swept condition, not remove and/or take any fixtures or appliances in the Property, and execute and notarize any documents necessary to transfer the Property back to Ms. Leal).

[17] *Broom Swept Condition in Real Estate: What It Means and How It Impacts Transactions*, BRIDGE LEGAL (Feb. 16, 2026), https://bridgelegal.org/broom-swept-condition-real-estate-what-it-means-how-it/; *Broom Swept Condition in Real Estate Meaning and Implications*, VERTEX LEGAL (Mar. 12, 2026), https://vertexlegal.org/broom-swept-condition-real-estate-meaning-implications/.

As Ms. Leal correctly asserted, the Debtor failed to leave the Property in broom-swept condition as required by the Agreed Order. The documentary evidence revealed that the Debtor left piles of trash in the front yard and did not remove any debris from the visible surfaces and floors.[18] Accordingly, leaving trash and debris throughout the Property does not rise to the level of "broom-swept condition," and, therefore, is a violation of the Agreed Order. The Court will award Ms. Leal with $1,000 for basic cleaning fees.[19]

### *B. "The Debtor Shall Not Remove and/or Take Any Appliances or Fixtures in the Property."*

The Agreed Order instructs the Debtor not to remove and/or take any appliances or fixtures in the Property. The Debtor testified that she was in the midst of renovating the Property when the Property was handed over to Ms. Leal. The cabinet doors and ceiling fans were taken down for renovation purposes and the holes in the Property were created by the plumber to repair the plumbing.[20] The Debtor further asserted that she took the refrigerator out of the Property because the refrigerator was purchased by the Debtor.[21]

The Court finds the removal of the cabinet doors and ceiling fans are solely for purposes of a home renovation prior to the Agreed Order. Nevertheless, the listed items were not taken out of the Property and still remain inside.[22] The Court was not presented with any evidence showing the Agreed Order required that all renovations had to be completed prior to the Property being turned over and the fixtures had to be restored to their original condition. Accordingly, the Debtor is not liable for the removal during the renovation of the cabinet doors, ceiling fans or other fixtures.

---

[18] ECF No. 84-2.

[19] On July 8, 2026, Ms. Leal testified that, based on her experience, she believed the basic cleaning fees would cost her between $800 to $1,000.

[20] ECF No. 82 at 1.

[21] ECF No. 82 at 1.

[22] ECF No. 82 at 1 (The cabinet doors are placed in the garage, and the ceiling fans are placed in one of the rooms).

However, the Debtor is liable for the removal and taking of the refrigerator out of the Property. Interpreting the four corners of the Agreed Order, the Debtor must not remove and/or take any appliances in the Property. The Agreed Order does not expressly specify that the Debtor may remove and take appliances purchased on her own. Therefore, under the plain meaning of the terms given, the Debtor must return the refrigerator to Ms. Leal or tender $100 for the value of the Debtor's interest in the refrigerator listed in Schedule A/B.[23]

## CONCLUSION

Accordingly, the Court hereby GRANTS IN PART Melissa Leal's Motion to Show Cause and Melissa's Leal's Supplemental Motion to Show Cause Against Debtor and Co-Debtor.

Keith Mahanay is not a co-debtor, and therefore, not jointly and severally liable for the violation of the Agreed Order. The Debtor is in violation of the Agreed Order for her failure to leave the Property in broom-swept condition and for taking the refrigerator out of the Property. The Court will award the appropriate remedial damages and attorney's fees to compensate Ms. Leal. An appropriate order consistent with this opinion will be entered.

SIGNED 09/29/2026

Alfredo R Pérez
United States Bankruptcy Judge

[23] ECF No. 1 at 24.